IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **LENNY BALDWIN, JR.,** | )<br>) |
| Plaintiff, | ) Case No. 7:16CV00030<br>) |
| v. | ) **OPINION**<br>) |
| **HOMELAND SECURITY (H.S.I.),**<br>**ET AL.,** | ) By: James P. Jones<br>) United States District Judge<br>) |
| Defendants. | ) |

*Lenny Baldwin, Jr., Pro Se Plaintiff.*

The plaintiff, Lenny Baldwin, Jr., proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that he is wrongfully imprisoned because an unidentified detective falsely reported that the plaintiff made incriminating statements and thereby defamed his character. Upon review of the allegations, I find that this lawsuit must be summarily dismissed without prejudice as frivolous.

Court records reflect that a grand jury of this court issued an Indictment charging Baldwin with the federal crimes of sexual exploitation of children, coercion or enticement, and interstate communication of threats. *See United States v. Baldwin*, 6:15CR00007. A judge of this court issued an arrest warrant for Baldwin on these charges, agents took him into custody in southern Florida, and he is currently incarcerated in the Roanoke City Jail, awaiting trial in May 2016.

Baldwin now seeks to bring § 1983 claims for unspecified injunctive relief and monetary damages against the Department of Homeland Security.[1]

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

To state a claim under § 1983, the plaintiff must state facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013) ("Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States."). Neither the Department of Homeland Security, as a federal agency, nor any of its employees, act under color of state law so as to be subject to suit under § 1983. Therefore, Baldwin cannot prevail in a § 1983 action

---

[1] Baldwin identifies his defendants as "Homeland Security (H.S.I.) and Department of Homeland Security," but does not explain the difference between these entities, and I find none.

against the only defendant he has named, and accordingly, I will summarily dismiss his complaint under § 1915A(b)(1) as frivolous.

A separate Final Order will be entered herewith.

DATED: February 18, 2016

/s/ James P. Jones
United States District Judge